Stephen F. Yunker (CSB 110159)
Email: sfy@yslaw.com
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535

Attorney for Plaintiff,
JILL S. MARKOWICZ

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL S. MARKOWICZ, both individually, and on behalf of all others similarly situated; <br><br>     Plaintiff, <br><br> v. <br><br> REAL TIME RESOLUTIONS, INC.; RTR CP OPPORTUNITY TRUST 1; YAKTE PROPERTIES, LLC; BANK OF AMERICA, N.A.; COUNTRYWIDE BANK, N.A.; and DOES I-XX; <br><br>     Defendants. | Case No. 8:18-CV-01164 CJC KES <br><br> District Judge Cormac J. Carney <br> Magistrate Judge Karen E. Scott <br><br> **PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS** <br><br> Date:        3/11/19 <br> Time:        1:30 p.m. <br> Courtroom:  7C <br> Date Filed:  07/02/18 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 11, 2019, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 7C of the above-entitled court, located at 350 West 1st Street, Los Angeles, CA 90012, plaintiff Jill S. Markowicz ("Ms. Markowicz") will and hereby does move for an order: (i) approving the settlements that have resolved this putative class action subject to the Court's approval on the basis that they satisfy the standard stated in *Diaz v. Trust Territory of Pacific Islands* (9th Cir. 1989) 876 F.2d 1401, 1408; (ii) dismissing Ms. Markowicz's claims with prejudice; and (iii) dismissing the putative class claims without prejudice.

PLEASE NOTE FURTHER that the grounds for this motion are as follows:

1.      Contingent upon the approval of this Court, settlement has been achieved between all parties in two separate settlement agreements wherein Ms. Markowicz's individual claims will be dismissed with prejudice, and the putative class claims will be dismissed without prejudice.

2.      Upon the insistence of Ms. Markowicz, and with the agreement of all defendants, Ms. Markowicz is bringing this motion for Court approval of the settlements under the standard of *Diaz v. Trust Territory of Pacific Islands* (9th Cir. 1989) 876 F.2d 1401, 1408.

3.      This motion is unopposed by defendants, and in fact defense counsel have reviewed and approved the moving papers prior to their submittal.

4.      Ms. Markowicz respectfully submits that the settlements meet the *Diaz* standard as follows:

a.      There is no indication of putative class members' possible reliance on the filing of the action because they are likely to know of it due to publicity or other circumstances;

b.      There is no indication that there is lack of adequate time for putative class members to file other actions due to a rapidly approaching statute of limitations; and

c.      There is no indication of any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

PLEASE NOTE FURTHER that this unopposed motion is made by agreement among all counsel reached in numerous conferences over months of settlement negotiations, and therefore counsel respectfully submit that the requirements of L.R. 7-3 have been met.

PLEASE NOTE FURTHER that this motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Plaintiff's Counsel with accompanying Exhibits A-D, all pleadings and papers on file or

/ / /

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

1  as may be submitted herein, and on such further evidence and argument as the Court may

2  consider.

3        Respectfully submitted:

4

5   Dated:  February 7, 2019

6                                          By:      s/Stephen F. Yunker
                                                    Stephen F. Yunker
7                                                   Attorney for Plaintiff
                                                    Email:  sfy@yslaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING
COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ..................................................................................... 6

II.   MATERIAL FACTS ................................................................................ 6

    A.    The Nature, Brief Litigation, and Settlement of the Case.............................. 6

    B.    The Terms of the Settlements.............................................................. 8

III.  LEGAL DISCUSSION............................................................................ 9

    A.    Governing Law............................................................................... 9

    B.    Application of *Diaz* to the Settlements ......................................... 11

IV.   CONCLUSION AND RELIEF REQUESTED....................................... 13

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Castro v. Zenith Acquisition Corp.*
(N.D. Calif. 2007) 2007 WL 81905 ................................................................. 11

*Diaz v. Trust Territory of Pacific Islands*
(9th Cir. 1989) 876 F.2d 1401 ............................................................. passim

*Echevarria v. AccentCare, Inc.*
(N.D. Calif. 2015) 2015 US Dist. Lexis 39659 .................................... 10, 11

*Houston v. Cintas Corp.*
(N.D. Calif. 2009) 2009 US Dist. Lexis 33704 ........................................ 11

*In re Sensa Weight Loss Litig.*
(N.D. Calif. 2012) 2012 US Dist. Lexis 54590 ........................................ 10

*Luo v. Zynga, Inc.*
(N.D. Calif. 2014) 2014 US Dist. Lexis 13225 ........................................ 10

*Lyons v. Bank of America, NA*
(N.D. Calif. 2012) 2012 US Dist. Lexis 168230 ...................................... 10

*Mahan v. Trex Co.*
(N.D. Calif. 2010) 2010 US Dist. Lexis 130160 ...................................... 11

*Richards v. Safeway Inc.*
(N.D. Calif. 2015) 2015 US Dist. Lexis 3274 .......................................... 10

*Tombline v. Wells Fargo Bank*
(N.D. Calif. 2014) 2014 US Dist. Lexis 145556 ...................................... 10

## Other Authorities

*Committee Notes on Rules – 2003 Amendment, ref. 23(e)(1)(A)* ...................................... 10

## Rules

Rule 23(e) ................................................................................................ 9

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This is a putative class action brought by plaintiff Jill S. Markowicz ("Ms. Markowicz") against two sets of defendants: (i) Real Time Resolutions, Inc., RRA CP Opportunity Trust 1, sued herein as "RTR CP Opportunity Trust 1," and Yakte Properties, LLC (the "RTR Defendants"); and (ii) Bank of America, N.A. and Countrywide Bank, N.A. (the "BofA Defendants").

This case has been settled pre-certification by two separate settlement agreements, one involving the RTR Defendants, and the other involving the BofA Defendants. However, at the insistence of Ms. Markowicz, and with the agreement of all defendants, the settlements are contingent upon the approval of this Court pursuant to *Diaz v. Trust Territory of Pacific Islands* (9th Cir. 1989) 876 F.2d 1401, 1408 ("*Diaz*"). *Diaz* provides the standard for protection of the interests of the putative class under these circumstances.

Consequently, this motion seeks the Court's approval of the two settlements under the *Diaz* standard. If that approval is granted, then this motion further seeks to have the Court order Ms. Markowicz's claims dismissed with prejudice, and the putative class claims dismissed without prejudice. These orders will dispose of this case in entirety.

## II.     MATERIAL FACTS

### A.     The Nature, Brief Litigation, and Settlement of the Case

The allegations by Ms. Markowicz in this case are stated in detail in her complaint filed on 7/2/18. Needless to say, the allegations are disputed in all key respects by all defendants. A brief summary of the allegations is as follows:

- In 2005 Ms. Markowicz bought a home with the proceeds of two loans advanced by Countrywide Bank – a first and second mortgage. Both mortgages were in default by 2006. No payments at all were made on the second mortgage after 2008.

- In 2013, Countrywide's successor-in-interest Bank of America agreed to a modification of the first mortgage. Ms. Markowicz contends that – at about that same time – she was told by a Bank of America representative that the second mortgage would

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

be "written off," and thereafter no one could "take her property" based on that second mortgage – all of which contentions are denied by all defendants.

- At the time of the first mortgage modification, and the alleged second mortgage "write off," Real Time Resolutions, Inc. was servicing the second mortgage on behalf of Bank of America. Certain RTR Defendants later acquired the second mortgage.

- In 2018, the RTR Defendants commenced a foreclosure on the Markowicz home based on the second mortgage – then in continual default for the past 10 years.

- Several months later, Ms. Markowicz sued the BofA and RTR Defendants on the basis that all defendants were or should have been aware of the alleged "write off" of the second mortgage in 2013, and that attempted enforcement of that mortgage in 2018 was unlawful under various statutory and common law theories.

- Ms. Markowicz further alleged that all other California homeowners purportedly subject to collection by the BofA and/or the RTR Defendants of second mortgages similarly "written off" by the BofA Defendants constituted a certifiable class.

Turning from allegations to events, the remainder of this factual summary is based on the accompanying Declaration of Plaintiff's Counsel. Shortly after suit was filed on 7/2/18, counsel began debating the merits of Ms. Markowicz's individual and class claims, the nature and extent of informal document exchanges, whether Ms. Markowicz's individual claims could be settled and the class claims voluntarily dismissed without further litigation, and whether Court approval was required under those circumstances. Meanwhile – unbeknownst to defendants – Ms. Markowicz's confidential personal circumstances changed. Thereafter she could not go forward with potentially extended and contentious litigation for her own individual claims, or for the class claims.

Consequently, just under two months after the case was filed, Ms. Markowicz's counsel presented her individual settlement demands, plus two terms affecting the putative class. The first term affecting the class was that "[a] material term of the settlement will be that no potential claims of putative class members will be prejudiced in any way by the settlement, and all such putative class members remain free to bring their

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING
COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

own claims – either individually or otherwise – based on anything that was or could have been alleged in the pending case." The second term affecting the class was that any ultimate settlement would be subject to Court approval.

Settlement negotiations continued for the next four months until late December 2018, by which time final agreement was reached among all parties. These negotiations were complicated by a lengthy dispute between Ms. Markowicz and the RTR Defendants as to whether one of Ms. Markowicz's settlement demands had been accepted in writing by those defendants, and therefore whether a settlement term requiring payment by Ms. Markowicz of certain legal expenses incurred by the RTR Defendants was precluded.

As a result of this dispute over settlement terms between Ms. Markowicz and the RTR Defendants, a defense deadline for filing motions to dismiss was reached, and both sets of defendants filed such motions in October 2018. Due to continuing settlement negotiations, the hearing date for those motions was twice continued, and ultimately the motions were taken off calendar without hearing after a final and undisputed settlement was reached. Prior to this motion and the related application for leave to file under seal, there were no other motions filed in the case other than applications for extensions and continuances, nor was any formal discovery ever propounded by any party.

Throughout the settlement negotiations, Ms. Markowicz continued to insist on the two terms affecting the putative class. In the end, all defendants agreed to both of those terms, and they are included in both settlement agreements.

From beginning to end of this brief case, there was no known publicity about it that might have affected the putative class members. There also was no significant lapse of time, nor known expiration of any deadline, that implicated a statute of limitations barring their potential claims.

**B.    The Terms of the Settlements**

At the insistence of defendants, and with the agreement of Ms. Markowicz, certain terms of the settlement agreements are confidential. Those terms have been redacted from the public copies of the settlement agreements filed herewith (Exhibits A-B), but they

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING
COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

remain unredacted in the private copies of the settlement agreements filed under seal with the Court (Exs. C-D).  The redacted terms are the economics of the settlements, and certain immaterial but private identifying information.

For purposes of this motion, the most important terms of the settlements are those two terms affecting the putative class.  As already noted above, both terms are included in the settlement agreements.  The term protecting the putative class claims is found in Paragraph 10 of the RTR Defendants' settlement agreement (Exs. A and C), and in the 9th Recital, pages 1-2 of the BofA Defendants' settlement agreement (Exs. B and D).  The term requiring this Court's approval is found in Paragraph 1 of the RTR Defendants' settlement agreement (Exs. A and C), and in the 9th Recital, pages 1-2 of the BofA Defendants' settlement agreement (Exs. B and D).

To the extent that the economic terms either suggest or refute any indication of collusion among the parties to the detriment of the putative class – i.e., any indication that Ms. Markowicz did or did not "sell out" the class for some significant economic benefit to herself alone – those terms could also be important for purposes of this motion.  The Court can easily verify that the economic terms disclosed in the unredacted copies of the settlement agreements show no "sell-out" by Ms. Markowicz.  The economic terms are redacted from the public file, but without disclosing any actual numbers or other specific economic information, it should suffice to state publicly that the settlements essentially resulted in an economic wash for Ms. Markowitz at best.

### III.  LEGAL DISCUSSION

#### A.  Governing Law

Rule 23(e) of the FRCP specifies the Court's role in overseeing "settlement, voluntary dismissal, or compromise" of a class action.  In 1989, the Ninth Circuit decided in *Diaz* that it would "adopt the majority approach and hold that Rule 23(e) applies before certification."  *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d at 1408.  This meant:

"Under Rule 23(e), the court must approve any dismissal or
compromise of a class action.  The district court must ensure
that the representative plaintiff fulfills his fiduciary duty toward

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING
COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* (citations omitted).

The *Diaz* court went on to specify three factors for the District Court's consideration when asked to approve a pre-certification settlement or dismissal:

"[T]he district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

The Ninth Circuit has not revisited these issues since *Diaz* – not even after Rule 23(e) was amended in 2003. In pertinent part, that amendment added the word "certified" to the following introductory language of the Rule: "The claims, issues, or defenses of a <u>certified</u> class may be settled, voluntarily dismissed, or compromised only with the court's approval" (emphasis added). According to the *Notes of Advisory Committee on Rules*, this change was made to clarify that "[t]he new rule requires approval only if the claims, issues, or defenses of a <u>certified</u> class are resolved by a settlement, voluntary dismissal, or compromise" (emphasis added). (*See Committee Notes on Rules – 2003 Amendment*, *ref. 23(e)(1)(A)*).

However, no less than nine District Court opinions out of the Ninth Circuit since 2003 have specifically required – or at least made – a judicial analysis pursuant to *Diaz* before approving dismissal of class claims pre-certification. *Echevarria v. AccentCare, Inc.* (N.D. Calif. 2015) 2015 US Dist. Lexis 39659; *Richards v. Safeway Inc.* (N.D. Calif. 2015) 2015 US Dist. Lexis 3274; *Luo v. Zynga, Inc.* (N.D. Calif. 2014) 2014 US Dist. Lexis 13225; *Tombline v. Wells Fargo Bank* (N.D. Calif. 2014) 2014 US Dist. Lexis 145556; *Lyons v. Bank of America, NA* (N.D. Calif. 2012) 2012 US Dist. Lexis 168230; *In re Sensa Weight Loss Litig.* (N.D. Calif. 2012) 2012 US Dist. Lexis 54590; *Mahan v. Trex*

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

*Co.* (N.D. Calif. 2010) 2010 US Dist. Lexis 130160; *Houston v. Cintas Corp*. (N.D. Calif. 2009) 2009 US Dist. Lexis 33704; *Castro v. Zenith Acquisition Corp*. (N.D. Calif. 2007) 2007 WL 81905.  Moreover, research by plaintiff's counsel has not located any contrary authority in the Ninth Circuit since 2003 either.

The most recent of these nine cases has an extensive discussion of this issue, and cites *Diaz* and five more of the above cases in its analysis.  *Echevarria v. AccentCare, Inc*., 2015 US Dist. 39659 *2-4.  The court begins by stating that: "[o]n its face, the current Rule 23(e) applies only to certified classes."  *Id*. at *2.  The court then notes that since *Diaz* and the 2003 amendment, "courts in this district have expressed uncertainty about whether the Rule still applies to pre-certification settlements or dismissals, but have applied the Rule in that context."  *Id*.  The court also notes that – like this case – "[t]hese cases arose in the context of settlements and stipulated dismissals, which may well pose a greater danger of harm to absent class members of the putative class."  *Id*. at *3.  Finally, the court concluded "it is prudent for the Court to consider whether the [plaintiff class representative's] involuntary dismissal was appropriate under Rule 23(e)," and cites the three *Diaz* factors as the standard to be applied.

Based on this recent, extensive, and consistent authority from the District Courts of the Ninth Circuit, Ms. Markowicz has insisted – and all defendants have agreed – that the settlements of this case are contingent upon obtaining the approval of this Court pursuant to *Diaz*.  Ms. Markowicz respectfully submits that the *Diaz* analysis is highly appropriate here, even if arguably not mandated.  Moreover, Ms. Markowicz believes that these settlements easily satisfy the *Diaz* standard.

**B.**   **Application of *Diaz* to the Settlements**

The three *Diaz* factors are cited verbatim in the accompanying Declaration of Plaintiff's Counsel, and the facts satisfying each factor are stated there as well.  The following discussion essentially repeats the Declaration.

/ / /

/ / /

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

- "**Class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances**" – Neither Ms. Markowicz nor her counsel sought any publicity concerning this lawsuit – in fact counsel's invariable practice has been to avoid publicity of litigation other than in publications of certain final case outcomes by settlement or judgment.  Counsel is not aware of any putative class members relying on – or even aware of – this case.  Throughout the pendency of the case, counsel was contacted only twice with inquiries concerning it:

       i.     The first inquiry was by email on 7/3/18 (the day after the lawsuit was filed) from a reporter who said she was writing a story about the filing for Westlaw, and who wanted additional factual details beyond those in the complaint.  Counsel's email response was that "I'm afraid I can't comment beyond the allegations in the complaint."  Counsel never saw any resulting story, assuming one was ever published.

       ii.     The second inquiry was in September 2018 by telephone from an individual in the eastern United States who had a completely unrelated dispute with one of the RTR Defendants.

- "**Lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations**" – To the best of counsel's knowledge, there is no "rapidly approaching statute of limitations" for the putative class affecting any of the causes of action alleged in this case.  To the contrary, counsel contends the pertinent time would begin to run for each individual putative class member with the commencement of documented collection efforts on his or her "written off" second mortgage.  That time would not only vary by each class member, but would also constitute notice to each class member of his or her potential dispute with the entities seeking to collect.

- "**Any settlement or concession of class interests made by the class representative or counsel in order to further their own interests**" – From start to finish of the settlement negotiations, a required term in every settlement demand by Ms. Markowicz was as follows: "*A material term of the settlement will be that no potential*

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**

*claims of putative class members will be prejudiced in any way by the settlement, and all such putative class members remain free to bring their own claims – either individually or otherwise – based on anything that was or could have been alleged in the pending case*." Those provisions ultimately were incorporated in both settlement agreements (for the RTR Defendants' settlement agreement, see ¶ 10; for the BofA Defendants' settlement agreement, see the 9th Recital, pages 1-2).

To summarize, these settlements satisfy all three factors of the *Diaz* standard for approval. There is no indication of any prejudice to the absent putative class members, and in fact their rights have been consistently and specifically protected.

## IV. CONCLUSION AND RELIEF REQUESTED

The final disposition of this pre-certification class action case depends upon the Court's approval of Ms. Markowicz's settlements with the RTR and BofA Defendants. *Diaz* supplies the standard for that approval, and the settlements satisfy that standard.

Ms. Markowicz respectfully requests that the Court grant this Motion for Approval of Settlements and Dismissals, and issue an order providing as follows:

1.     The settlements that have resolved this putative class action subject to this Court's approval are hereby approved on the basis that they satisfy the standard stated in *Diaz*;

2.     The claims of plaintiff Jill S. Markowicz are hereby dismissed with prejudice; and

3.     The claims of the putative class are hereby dismissed without prejudice.

A proposed order has been submitted to that effect.

Respectfully submitted,

Dated:  February 7, 2019

By:     _s/Stephen F. Yunker_____
Stephen F. Yunker
Attorney for Plaintiff
Email:  sfy@yslaw.com

**PLAINTIFF JILL S. MARKOWICZ'S NOTICE OF MOTION AND MOTION SEEKING COURT APPROVAL OF SETTLEMENTS AND DISMISSALS**