# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **JILL S. MARKOWICZ, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**REAL TIME RESOLUTIONS, INC., et al.,**<br><br>**Defendants.** | **Case No.: SACV 18-01164-CJC (KESx)**<br><br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF DISMISSAL OF CLASS ACTION [Dkt. 39]** |

## I. INTRODUCTION AND BACKGROUND

On July 2, 2018, Plaintiff filed this putative class action against two groups of Defendants: (1) Countrywide Bank, N.A. and Bank of America, N.A. ("Bank of America Defendants"), and (2) Real Time Resolutions, Inc., RRA CP Opportunity Trust 1, and

Yakte Properties, LLC ("Real Time Resolutions Defendants").  (Dkt. 1 [Complaint, hereinafter "Compl."].)

Plaintiff alleges that Defendants have engaged in predatory lending and debt collection practices since 2000.  (*See generally id*.)  The Bank of America Defendants purportedly informed homeowners that modification of a first mortgage rendered the second mortgage unenforceable.  The Bank of America Defendants then sold the servicing rights to the second mortgages to the Real Time Resolutions Defendants, who belatedly sought enforcement of the second mortgages and, in Plaintiff's case, used the second mortgage to foreclose on the property.  (*See id*. ¶¶ 23–44.)  On behalf of herself and others similarly situated, Plaintiff asserts claims for (1) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 7200 *et seq*., (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq*., (3) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq*., (4) fraud, and (5) breach of contract.

Plaintiff has reached two precertification settlement agreements—one with the Bank of America Defendants and another with the Real Time Resolutions Defendants—regarding her individual claims.  (Dkt. 39 Exs. A, B.)  Plaintiff now moves for dismissal of the putative class members' claims without prejudice and dismissal of Plaintiff's individual claims with prejudice.  (Dkt. 39 [hereinafter "Mot."].)  Defendants reviewed and approved Plaintiff's motion prior to its filing.  (*Id*. at 2.)  For the following reasons, Plaintiff's motion is **GRANTED**.[1]

*//*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 11, 2019, at 1:30 p.m. is hereby vacated and off calendar.

## II. DISCUSSION

Federal Rule of Civil Procedure 23(e) governs the Court's role in overseeing "settlement, voluntary dismissal, or compromise" of a class action. In *Diaz v. Trust Territory of the Pacific Islands*, the Ninth Circuit held that Rule 23(e) applies to precertification dismissals. 876 F.2d 1401, 1408 (9th Cir. 1989). Although Rule 23(e) has since been amended to refer only to claims on behalf of a "certified class," the Ninth Circuit has not revisited the application of Rule 23(e) to precertification dismissals. *See* Fed. R. Civ. P. 23(e). Accordingly, district courts in this circuit continue to apply *Diaz* when considering precertification dismissal of a class action. *See Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 WL 7803796, at *1–2 (C.D. Cal. Nov. 16, 2017) (collecting cases). Under *Diaz*, the Court must consider (1) putative class members' possible reliance on the filing of Plaintiff's action, (2) whether there is adequate time for putative class members to file other actions, and (3) whether the named plaintiff or counsel made a settlement or concession of class interests "in order to further their own interests." 876 F.2d at 1408.

The three *Diaz* factors weigh in favor of dismissal here. The first factor considers "class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances." *Id.* Plaintiff filed the instant action on July 2, 2018. Since then, neither Plaintiff nor her counsel has sought any publicity concerning this lawsuit. (Dkt. 39-1 [Declaration of Stephen Yunker] ¶ 15.) Further, Plaintiff's counsel has received only two inquiries regarding the case since its filing. (*See id.*) The first was an email from a reporter seeking additional information about the Complaint. Plaintiff's counsel declined to comment, and the reporter seemingly never published any report or article. The second was a telephone call from an individual who had a completely unrelated dispute with one of the Real Time Resolutions Defendants.

Because it is unlikely that any putative class members have relied on Plaintiff's action, this factor favors dismissal.

The second *Diaz* factor looks at whether, based on any relevant statutes of limitations, there is "adequate time for class members to file other actions." 876 F.2d at 1408. According to counsel, any claims for individual putative class members would not accrue until Defendants commenced efforts to collect on purportedly "written off" second mortgages. Because that timeline would vary amongst individual class members, counsel aver there is no approaching statute of limitations affecting the causes of action alleged in this case. Further, given that Plaintiff filed this action on July 2, 2018, there has not been a significant lapse of time that would hamper putative class members' ability to file other actions. Accordingly, this factor likewise weighs in favor of dismissal.

The third *Diaz* factor considers whether there was "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408. Neither settlement agreement bears any indication of prejudice toward the putative class members' interests. Since the parties began settlement negotiations, Plaintiff and her counsel consistently included in every settlement demand a term stating that "no potential claims of putative class members will be prejudiced in any way by the settlement, and all such putative class members remain free to bring their own claims—either individually or otherwise—based on anything that was or could have been alleged in the pending case." (Mot. at 7–8.) Both settlement agreements now include that precise language. (Dkt. 39-2 [Real Time Resolutions Defendants' Settlement] at ¶ 10; Dkt. 39-3 [Bank of America Defendants' Settlement] at 1–2.) Further, the economic terms of the two agreements do not indicate that Plaintiff has received any substantial windfall. (Mot. at 9 [stating that the settlements "resulted in an economic wash for [Plaintiff] at best"].) In sum, the three *Diaz* factors weigh in favor of dismissal.

While Rule 23(e) provides that notice of a dismissal should be offered to the "certified class," courts approving the voluntary dismissal of precertification class actions have not found notice necessary when the class members would not be prejudiced by the dismissal. *See, e.g.*, *Rodriguez*, 2017 WL 7803796, at *4; *Del Rio v. CreditAnswers, LLC*, 2011 WL 1869881, at *3 (S.D. Cal. May 16, 2011) ("Because the Court does not find evidence of prejudice to the absent members of the putative class, the Court does not require notice to the putative class members."). Because potential class members would not be prejudiced by the dismissal of this action, Plaintiff need not provide notice to the class.

## III. CONCLUSION

For the following reasons, Plaintiff's motion is **GRANTED**. Plaintiff's settlements with the Real Time Resolutions Defendants and Bank of America Defendants satisfy the standard set forth in *Diaz*. Accordingly, the putative class members' claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff Markowicz's claims are **DISMISSED WITH PREJUDICE**.


DATED:    February 26, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE